

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEROY J. KELLY,**

    Petitioner,

v.

                                Civil Action No. **3:16CV932**

**VIRGINIA DEPT. OF CORR,**

    Respondent.

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2254 Petition)

Leroy J. Kelly, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 10) challenging his convictions in the Circuit Court for the County of Stafford, Virginia (hereinafter, "Circuit Court") for robbery and use of a firearm in the commission of a robbery. Kelly has previously filed a § 2254 petition in this Court challenging his convictions in the Circuit Court. The matter is before the Court on Kelly's Response to the Court's Memorandum Order directing Kelly to show good cause for his failure to exhaust his state court remedies. For the reasons that follow, Kelly's § 2254 Petition will be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

### I. PROCEDURAL HISTORY

#### A. Federal Convictions

Prior to his arrest in North Carolina, Kelly was involved in approximately fifty-three (53) robberies. *See Kelly v. Va. Dep't of Corr.*, No. 3:15CV243, 2016 WL 4702476, *2 (E.D. Va. Sept. 6, 2016) (citation omitted). On March 24, 1998, Kelly pled guilty in the United States District Court for the Western District of Virginia to one count of conspiracy to commit and to attempt to commit armed robbery, and two counts of use of a firearm during a crime of violence.

*See id.* (citation omitted). On January 7, 1999, the court sentenced Kelly to 312 months of incarceration. *See Kelly v. Va. Dep't of Corr.*, No. 3:15CV243 (ECF No. 1–3, at 25.) Kelly is currently serving his federal sentence and is incarcerated in USP Allenwood.

### B. Stafford County Proceedings

On August 3, 1998, Kelly was charged in the Circuit Court with robbery, use of a firearm during the commission of a robbery, possession of a firearm after having been convicted of a felony, and shooting into an occupied building. *Kelly*, 2016 WL 4702476, *3 (citation omitted). On May 22, 2000, the Circuit Court arraigned Kelly on his then pending state charges. *See id.* at *4 (citation omitted). Kelly initially pled not guilty and requested a bench trial, but on the day of trial agreed to plead guilty to the robbery charge and the use of the firearm in the commission of the robbery charge in exchange for the prosecution's agreement to dismiss the remaining charges. *See id.* at *3–4 (citation omitted). Kelly attempted to withdraw his guilty plea several times thereafter. *See id.* at *4–5. The Circuit Court refused to permit Kelly to withdraw his guilty plea and sentenced Kelly to an active prison term of ten years. *Id.* at *5 (citation omitted).

Kelly did not appeal. *See id.* at *6–7.

### C. First Habeas Proceeding in this Court

In 2015, Kelly filed his first § 2254 petition challenging his Stafford County convictions in this Court. *See id.* at *1. By Memorandum Opinion and Order entered September 6, 2016, this Court granted in part, and denied in part, Kelly's § 2254 petition. *See id.* *1–7. In his first § 2254 petition, Kelly raised a number of claims including challenges to his guilty plea and ineffective assistance of counsel. The Court granted relief for his claim that counsel failed to file a direct appeal in the form of granting Kelly a delayed appeal of the criminal judgments to the

Court of Appeals of Virginia. *Id.* at *7. The Court dismissed all of his other claims including his attempts to challenge his convictions and challenges to his guilty pleas. *Id.*

### D. Belated Appeal Proceedings in the Virginia Courts

On September 21, 2016, the Court of Appeals of Virginia granted Kelly a belated appeal and appointed counsel to represent him. (ECF No. 1-1, at 2.) In his Petition for Appeal, Kelly argued that the Circuit Court erred when it denied his motion to withdraw his guilty plea. (ECF No. 20-3, at 10.) On May 5, 2017, the Court of Appeals of Virginia denied Kelly's Petition for Appeal. (ECF No. 20-4, at 1.) On May 8, 2017, Kelly noted an appeal to the Supreme Court of Virginia. (ECF No. 20-5, at 1.) As discussed below, counsel for Kelly did not file a petition for appeal and thus, no appeal was pursued in the Supreme Court of Virginia.

### E. Second Habeas Petition in this Court

On November 23, 2016, prior to the litigation of his belated appeal, this Court received a second 28 U.S.C. § 2254 Petition from Kelly challenging the same Stafford County convictions. By Memorandum Order entered on February 9, 2017, the Court explained the following:

> Kelly's second § 2254 Petition is terse and makes little sense. However, the Court gleans from the petition that Kelly's underlying intent is to attack the validity of his guilty pleas and his convictions and asks the Court to vacate his state convictions. (ECF No. 2, at 4–6.) These claims are clearly successive and unauthorized. Because Kelly has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition, this Court lacks jurisdiction to entertain this portion of the § 2254 petition.
> Kelly also vaguely argues that because of delay he will be unable to have a fair belated appeal in the Court of Appeals of Virginia. (ECF No. 2, at 2–3.) To the extent that Kelly is not challenging his underlying conviction or sentence but a defect in his belated appeal, that claim may not be successive. The United States Court of Appeals for the Fourth Circuit has explained:
>> If a habeas petition (state or federal) files an application for collateral relief that raises a successful appeal claim and additional claims, any subsequent petition will be considered "second or successive" if (a) the district court ruled on the merits of the additional claims in the initial petition, and (b) the petitioner seeks to raise those claims again in the subsequent petition. In such a

3

>
> case, "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application."
>
> *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006 (quoting *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir 2003)).
>
> Accordingly, within eleven (11) days of the date of entry hereof, Kelly is directed to notify the Court whether he would like to "delet[e] the improper claims or hav[e] the entire motion treated as a successive application." *Id.*

(ECF No. 6, at 2–3.) Kelly indicated that he wanted to delete the improper claims and, on April 10, 2017, he submitted the § 2254 Petition that is currently before the Court. (ECF No. 10.)

### F. Current Habeas and Motion to Dismiss

In his § 2254 Petition, Kelly argues entitlement to relief based upon the following claims:[1]

- Claim One: "Due Process Violation[.] Because of an unusual delay in Petitioner's right to appeal, not by any fault of Petitioner, such delay of 17 years for direct appeal rose to a level of a constitutional violation under the Due Process Clause." (§ 2254 Pet. 5.)

- Claim Two: "Unlawful Detention[.] Length of 17 years between conviction and direct appeal; loss of records to effect an appeal properly; presumption of prejudice because of delay in appeal; witness loss of memory. . . ." (*Id.* at 7.)

- Claim Three: "Protection of Rights by District Court of Petitioner[.] Petitioner makes these claims in an attempt and hope that the District Court protect his rights under the Constitution of the United States. . . ." (*Id.* at 8.)

Respondent moves to dismiss on the ground that Kelly's claims are procedurally defaulted and barred from review here and, in the alternative, that they lack merit.

Because it appeared that no petition for appeal for his belated appeal was ever filed in the Supreme Court of Virginia, by Memorandum Order entered on January 11, 2018, the Court directed Respondent to file a further response detailing the status of Kelly's direct appeal in the

---

[1] The Court corrects the punctuation and capitalization in the quotations from Kelly's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Kelly's submissions.

4

Supreme Court of Virginia. The Court also directed Respondent to identify what, if any, impact the apparent lack of appeal may have had on Respondent's arguments in the Motion to Dismiss and to identify the appropriate procedure for the resolution of the instant § 2254 Petition at this juncture.

In his supplemental response, Respondent explained as follows:

> Counsel for the respondent has learned through email correspondence with Kelly's state appellate counsel, that due to attorney error, no petition for appeal has been filed in the Supreme Court of Virginia.
> At this time, the petitioner has a remedy, through state habeas corpus, to obtain a delayed opportunity to appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia.[] He can file a state habeas corpus petition in either the Circuit Court of Stafford County or the Supreme Court of Virginia, asking for a belated appeal. Such a state habeas petition must be filed within one-year of the date of the denial order of the Court of Appeals. *See* Va. Code § 8.01–654(A)(2). The respondent will not oppose such a timely application from Kelly for the opportunity to seek a further state court direct appeal.
> The issue before this Court in the current habeas corpus action is whether a belated state court direct appeal provides Kelly an adequate remedy. He contends that it does not, due to the passage of time and missing state court records. As respondent asserted in the Brief in Support of the Motion to Dismiss and Rule 5 Answer in this case, ECF No. 20, at 5–10, Kelly's claim is technically exhausted and is defaulted; it is, moreover, without merit. In its denial order of May 5, 2017, the Court of Appeals of Virginia addressed the merits of Kelly's direct appeal claim, and in doing so, referred to testimony from proceedings in the trial court. The records that were returned to the trial court from the Court of Appeals of Virginia would be available for review by the Supreme Court of Virginia on direct appeal. The records necessary for the Supreme Court of Virginia to address Kelly's claim regarding the trial court's denial of his motion to withdraw his guilty plea are available. Kelly has not yet begun to serve his state criminal sentence.

(Resp. 2–3, ECF No. 24 (paragraph numbers omitted).)

## II.  EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838,

5

844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the

6

exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01–654(A)(1) (West 2018). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05CV00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

Kelly has not properly presented his three claims to the Supreme Court of Virginia. In his Response Showing Good Cause, Kelly again admits that he "has not presented [his] particular claim(s) to the state." (Resp. Showing Good Cause 1, ECF No. 27.) Nevertheless, in a lengthy discussion, he once again complains that the exhaustion requirement should be excused

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

7

because there has been an inordinate delay between the time in which his conviction was final and now. Kelly fails to demonstrate good cause to excuse the exhaustion requirement. As Respondent aptly notes, Kelly has remedies available to him in state court if Kelly acts with diligence, and Respondent will not oppose Kelly's pursuit of those remedies. Kelly fails to offer a persuasive reason why he should not be required to exhaust his claims.

### III. CONCLUSION

Because Kelly's three claims are unexhausted and he also has remedies available in state court, the § 2254 Petition (ECF No. 10) will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED. Kelly may re-file his habeas petition after he has exhausted his state court remedies for all of his claims. A certificate of appealability will be DENIED.

The Clerk is DIRECTED to send a copy of this Memorandum Order to Kelly and counsel for Respondent.

It is so ORDERED.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Date: March 12, 2018
Richmond, Virginia